(564 P 2d 558)
No. 48,406

ELVA M. PROUT, *Appellee,* v. FORT HAYS KANSAS STATE COLLEGE, *et al., Appellants.*

Petition for review denied July 11, 1977.

Opinion filed May 6, 1977.

*Philip A. Harley,* assistant attorney general, and *Curt T. Schneider,* attorney general, for appellants.

*Jerry M. Smetana,* of Plainville, for appellee.

Before HARMAN, C.J., REES, and SWINEHART, JJ.

SWINEHART, J.: The issue neatly presented on this appeal can be fairly stated as follows: Does K.S.A. 46-901, *et seq.,* provide immunity protection for certain governmental entities when that entity (acting through its employees) has committed an intentional tort (invasion of privacy, debtor harassment, in connection with the non-return of library books)? If so, the defendant Fort Hays Kansas State College, a governmental entity, is free from liability as a matter of law, and judgment notwithstanding the verdict must be entered in its favor.

K.S.A. 46-901, by its terms, applies to negligence "or any other tort." The well-established rule of law in Kansas is that when a statute is plain and unambiguous, the appellate court must give effect to the intention of the legislature as expressed. It is not the duty of the appellate court to determine what the law should or should not be when such a plain and unambiguous statute exists. The purpose and intent of the legislature alone governs when that intent can be ascertained from the statute. (*Farm & City Ins. Co. v. American Standard Ins. Co.,* 220 Kan. 325, 552 P. 2d 1363; *State v. Dumler,* 221 Kan. 386, 559 P. 2d 798.)

After considering the plain, all-inclusive language of the statute, we are compelled to conclude that it provides the defendant college governmental immunity as to intentional torts, and, therefore, judgment should be rendered for defendant.

Plaintiff attacks the constitutionality of K.S.A. 46-901. This issue was resolved adversely to her position in *Brown v. Wichita State University,* 219 Kan. 2, 547 P. 2d 1015.

The judgment is reversed.